SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
DANIEL R. SCHIESS
Nevada Bar No. 5483
Assistant United States Attorney
501 Las Vegas Blvd South, 11th Floor
Las Vegas, Nevada 89101
(702) 388-6336
dan.schiess@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

FILED BY ___AR___ D.C.
Feb 26, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              **Plaintiff,**<br><br>    v.<br><br>RICHARD VAIRO,<br><br>              **Defendant.** | SEALED<br>CRIMINAL INDICTMENT<br><br>Case No. 2:25-cr-0027-JCM-EJY<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1343 – Wire Fraud<br><br>Asset Forfeiture Allegation One |

THE GRAND JURY CHARGES THAT:

INTRODUCTION

1. Defendant Richard Vairo was a resident of Florida and owned Richard's Brazilian Sausage LLC (RBS), a Florida company that supplied meat products to grocery stores in Florida.

2. "Company-1" was a company located in Las Vegas, Nevada, that supplied food products to companies and was owned by E.S.

3. "Individual-1" resided in Brazil and was defendant Vairo's business associate.

4. "Individual-2" resided in Las Vegas, Nevada, and was E.S.'s business associate.

## COUNTS ONE THROUGH TEN
### Wire Fraud
### (18 U.S.C. § 1343)

5. The allegations set forth in paragraphs one through four of the introduction to this indictment are incorporated herein by reference as if set forth in full.

6. From in or about September 2021 to in or about October 2022, in the State and Federal District of Nevada, and elsewhere,

**RICHARD VAIRO,**

defendant herein, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

7. The objective of the scheme and artifice was for defendant Vairo to obtain money and property from Company-1 and E.S. for his unauthorized personal use.

8. The manner and means by which defendant Vairo carried out the scheme included making and causing to be made false and fraudulent pretenses, representations, and promises to E.S. as follows:

    a. Defendant Vairo represented that RBS supplied and was supplying sausage and another meat product (collectively referred to as "sausage") to Publix Supermarket in Florida;

    b. Defendant Vairo represented that he wanted to borrow money from Company-1 to increase RBS's sausage sales to Publix and that he would repay Company-1 a percentage of the gross profits that RBS would receive from its sausage sales to Publix;

    c. Defendant Vairo represented that he would use and was using the money he obtained from Company-1 to supply sausage to Publix; and,

    d. Defendant Vairo represented that PNC Bank had frozen the funds in RBS's bank accounts, preventing RBS from timely repaying about $1 million to Company-1 and E.S.

  9. It was part of the scheme and artifice that defendant Vairo committed the following acts, among others:

    a. In or about October 2021, defendant Vairo solicited money from E.S. to purportedly help RBS increase its sausage sales to Publix;

    b. On or about October 25, 2021, defendant Vairo signed and caused E.S. to sign a Distribution Agreement, also known as a Letter of Intent ("Agreement"), representing that: (a) Company-1 would supply capital to RBS to allow it to increase its sausage sales to Publix; (b) Company-1 would receive a percentage of the gross profits that RBS would receive from its sausage sales to Publix; and (c) RBS would help Company-1 become RBS's exclusive distributor and vendor of record with Publix;

    c. Beginning in or about October 2021, defendant Vairo caused Company-1 and E.S. to begin wire transferring money to RBS;

    d. Beginning in or about October 2021, defendant Vairo caused to be sent to E.S. weekly statements showing for each week covered by the statements the amount of sausage RBS would supply to Publix, the amount of money Company-1 and E.S. would need to provide to RBS, and the amount of money Company-1 and E.S. should expect to receive from RBS;

    e. About a month after Company-1 and E.S. began sending money to RBS, defendant Vairo sent and caused to be sent to E.S. two fake invoices purportedly from Publix showing the amount of sausage that RBS had purportedly delivered to Publix and the balance due for the periods covered by the invoices;

    f. A couple months later, defendant Vairo represented and caused to be represented to E.S. that RBS could not timely repay E.S. about $1 million because PNC Bank

3

1  had placed a hold on the funds in RBS' bank accounts, and over the next several months
2  defendant Vairo repeatedly represented and caused to be represented to E.S. that PNC Bank had
3  not released RBS's funds;
4         g.   Defendant Vairo, however, repaid other amounts owed to Company-1 and
5  E.S. from money that he had received from Company-1 and E.S., falsely representing to E.S.
6  that the repayments came from sausage sales to Publix;
7         h.   Defendant Vairo used money received from Company-1 and E.S. to,
8  among other things, support his lifestyle, pay his bills and debts, and conduct his business
9  activities;
10        i.   Throughout the scheme and artifice, defendant Vairo exchanged and
11 caused to be exchanged with E.S. text messages, WhatsApp messages, and emails containing the
12 false and fraudulent pretenses, representations, and promises described in this indictment,
13 among others; and,
14        j.   During the scheme and artifice, defendant Vairo caused Company-1 and
15 E.S. to send approximately $10,747,578.26 in approximately 29 wire transfers to defendant
16 Vairo and RBS, and defendant Vairo repaid Company-1 and E.S. approximately $6,859,957.39
17 in approximately 17 wire transfers from the money that Company-1 and E.S. had sent to
18 defendant Vairo, as if the repayments came from sausage sales to Publix, resulting in a net loss to
19 Company-1 and E.S. of approximately $3,887,620.
20    10.   On or about the dates set forth below, in the State and Federal District of Nevada,
21 and elsewhere, for the purpose of executing the scheme and artifice, defendant Vairo transmitted
22 and caused to be transmitted by means of wire communication in interstate commerce, that is,
23 the text message, WhatsApp messages, and wire transfers identified below, with each text
24

message, WhatsApp message, and wire transfer constituting a separate violation of 18 U.S.C. § 1343.

| COUNT | DATE | DESCRIPTION OF THE TEXT MESSAGE, WHATSAPP MESSAGES, AND WIRE TRANSFERS |
|---|---|---|
| 1 | 10/22/2021 | Defendant sent an interstate text message to Individual-2 in Nevada saying that he will provide the necessary support for E.S. to be registered as a Publix supplier. |
| 2 | 6/16/2022 | Individual-1 sent an interstate WhatsApp message to E.S. in Nevada asking him to deposit $466,500.84 |
| 3 | 8/20/2022 | Defendant sent an interstate WhatsApp message to E.S. in Nevada about purported performances issues he attributed to E.S. |
| 4 | 10/25/2021 | Wire transfer for approximately $415,892.40 from Company-1's account at JP Morgan Chase Bank (ending in 1220) in Nevada to an RBS's account at PNC Bank in Florida |
| 5 | 3/21/2022 | Wire Transfer for approximately $446,166.91 from defendant's account at Truist Bank to Company-1's account at JP Morgan Chase (ending in 1220) in Nevada |
| 6 | 4/1/2022 | Wire transfer for approximately $699,831.00 from Company-1's account at JP Morgan Chase Bank (ending in 1220) in Nevada to an RBS's account at Citizen's Bank in Florida |
| 7 | 7/8/2022 | Wire transfer for approximately $61,021.68 from Company-1's account at JP Morgan Chase Bank (ending in 1220) in Nevada to an RBS's account at Citizen's Bank in Florida |
| 8 | 5/18/2022 | Wire Transfer for approximately $721,453.92 from defendant's account at Truist Bank to Company-1's account at JP Morgan Chase (ending in 1220) in Nevada |
| 9 | 5/25/2022 | Wire Transfer for approximately $721,453.92 from defendant's account at Truist Bank to Company-1's account at JP Morgan Chase (ending in 1220) in Nevada. |
| 10 | 6/15/2022 | Wire Transfer for approximately $471,771.90 from defendant's account at Truist Bank to Company-1's account at JP Morgan Chase (ending in 1220) in Nevada. |

## FORFEITURE ALLEGATION ONE
### Wire Fraud

11. The allegations contained paragraphs one through ten of this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

12. Upon conviction of any of the felony offenses charged in counts one through ten of this indictment,

**RICHARD VAIRO,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

    a. 2023 Ferrari Model 296 GTS, red in color, Vehicle Identification Number: ZFF01SMA5P0295815; and

    b. an in personam criminal forfeiture money judgment including, but not limited to, at least $4,000,000

(all of which constitutes property).

13. If any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

DATED this 12th day of February, 2025.

**A TRUE BILL.**

_____
FOREPERSON OF THE GRAND JURY

SUE FAHAMI
Acting United States Attorney

_____
DANIEL R. SCHIESS
Assistant United States Attorney

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

DATED this 12th day of February, 2025.

**A TRUE BILL.**

/S/
FOREPERSON OF THE GRAND JURY

SUE FAHAMI
Acting United States Attorney

_____
DANIEL R. SCHIESS
Assistant United States Attorney

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

REC'D USMS D/NV
2025 FEB 12 PM 01:20

**Our Case Number: 25-mj-6133-AOV**

| | |
|---|---|
| United States of America<br>v.<br>RICHARD VAIRO<br>*Defendant* | )<br>)<br>)   Case No. 2:25-cr- 0027-JCM-EJY<br>)<br>) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   RICHARD VAIRO
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
18 U.S.C. § 1343 ~ Wire Fraud

DEBRA K. KEMPI
CLERK
*[signature]*
(By) DEPUTY CLERK

02/12/2025   Las Vegas, NV
DATE

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 01/09) Arrest Warrant (Page 2)

This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.

*(Not for Public Disclosure)*

Name of defendant/offender: RICHARD VAIRO

Known aliases: Richard Vairo Santos

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment: Richard's Brazilian Sausage

Last known telephone numbers: 786-609-3554

Place of birth: Brazil

Date of birth:

Social Security number:

Height: 5'11"    Weight:

Sex: M    Race:

Hair: Brown with gray    Eyes: Brown

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: No

Known family, friends, and other associates *(name, relation, address, phone number)*: Lucianne Pires Ewerton Vairo, Louise Ewerton Vairo, Raphael Vairo

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: